IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, § § § **Plaintiffs** § § v. § § SHAFFIN ALI MOHAMED, M.D., § EDDIE CERDAY, M.D., STEIN PAIN § MANAGEMENT ASSOC., P.A., § ADVANCED REHABILITATION & § PAIN MANAGEMENT, P.A., PAIN § INSTITUTE OF TEXAS, P.A., § ORTHOPEDIC PAIN § MANAGEMENT, P.A., NISHAT § ALIBHAI, WOODWARD HEALTH, § MIRAGE MEDICAL GROUP, § RENAISSANCE HEALTH SERVICES, § AND ORANGE GROVE HEALTH § SERVICES, INC. § **Defendants.** | CIVIL ACTION NO. 4:07-CV-01122 |

## NON-PARTY HOUSTON COMMUNITY HOSPITAL'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 45(c), non-party HOUSTON COMMUNITY HOSPITAL ("Movant") moves to quash the document subpoena served upon Movant by THE TRAVELERS INDEMNITY COMPANY ("Plaintiff") on or about July 11, 2007, and as grounds therefor would show as follows:

### I. FACTS

1. Plaintiff sued Defendants SHAFFIN ALI MOHAMED, et al. ("Defendants") based on Defendants' services or charges for patients insured by Plaintiff. Movant Houston Community Hospital is not a party to this case.

1

2. On or about July 11, 2007, Plaintiff served Movant with the document subpoena for medical records and other information pertaining to Movant, Movants' patients and to Defendants. The subpoena is attached hereto as Exhibit A. The subpoena requests substantial information and materials that are clearly privileged pursuant to the Health Insurance Portability and Accountability Act and regulations, as well as the Texas physician-patient privilege as well as other information that bears no apparent relationship with the matters asserted in the lawsuit.

3. Since receipt of the subpoena, counsel for Movant has been in active contact with counsel for Plaintiff regarding agreeable limitations on the discovery sought as well as the form of an agreeable protective order and confidentiality agreement. Counsel for Plaintiff has provided Movant with a proposed Protective Order; however, Movant believes that the proposed order does not fully protect the privacy of Movant's patients, nor does it protect Movant from certain burdensome and/or unreasonable requests set forth in the subpoena.

4. Movant files this Motion in order to protect its legitimate interests and the privacy of its patients. **Regardless of this filing, Movant intends to continue to negotiate in good faith with Plaintiff regarding reasonable limitations on the scope of the subpoena and an agreeable protective order. Movant will advise the Court if and when such a resolution is reached.**

### II. Each of the Subpoena's Thirteen (13) Requests are objectionable under Fed. R. Civ. P. 45(c) and Other Federal Rules and Law

**Request 1:** *All documents reflecting or relating to income You received from or in connection with the Nerve Block Injections that were performed by Shaffin Ali Mohamed, M.D. (Mohamed), Eddie Cerday, M.D. ("Cerday"), or any other person under the direction, control or supervision of Mohamed or Cerday.*

1. This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i);

2

requires the disclosure of information and documents that are privileged and protected under the Health Insurance Portability and Accountability Act (HIPAA) 45 CFR 160.101, *et. seq.*, Fed R. Civ. P. 45 (c)(3)(A)(iii); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); requires disclosure of trade secret or other confidential research, development, or commercial information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(i); and requests documents protected by doctor-patient privilege, Fed. R. Evid. 501, Tex. R. Evid. 509.

**Request 2:** *All documents reflecting or relating to dates and times that Nerve Block Injections were performed by Mohamed or Cerday, or any other person under the direction, control or supervision or Mohamad or Cerday, including but not limited to calendars or schedules.*

2.   This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); requires the disclosure of information and documents that are privileged and protected under the Health Insurance Portability and Accountability Act (HIPAA) 45 CFR 160.101, *et. seq.*, Fed R. Civ. P. 45 (c)(3)(A)(iii); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); requires disclosure of trade secret or other confidential research, development, or commercial information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(i); and requests documents protected by doctor-patient privilege, Fed. R. Evid. 501, Tex. R. Evid. 509.

**Request 3:** *All documents reflecting or relating to payments made to or received from Mohamad, Cerday, Nishat Alibbai ("Alibhai"), any of the Mohamed PAs, any of the Alibhai Entities, and/or any of the Alibhai Related Entities.*

3.   This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); and requires disclosure of trade secret or other confidential research, development, or commercial

3

information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(i).

**Request 4:** *All documents reflecting or relating to communications, agreements, or financial relationships between or among You and Mohamed, Cerday, Alibhai, any of the Mohamed PAs, any of the Alibhai Entities, and/or any of the Alibhai Related Entities, including but not limited to documents reflecting or relating to any arrangements pursuant to which charges were submitted for Nerve Block Injections performed at Your facility.*

4.   This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); and requires disclosure of trade secret or other confidential research, development, or commercial information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(i).

**Request 5:** *All documents reflecting or relating to services rendered to the patients whose claims are set forth in Exhibit B to the First Complaint (the "Appendix"), a copy of which is attached hereto.*

5.   This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); requires the disclosure of information and documents that are privileged and protected under the Health Insurance Portability and Accountability Act (HIPAA) 45 CFR 160.101, *et. seq.*, Fed R. Civ. P. 45 (c)(3)(A)(iii); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); requires disclosure of trade secret or other confidential research, development, or commercial information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(i); and requests documents protected by doctor-patient privilege, Fed. R. Evid. 501, Tex. R. Evid. 509. The request is, in addition, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Fed R. Civ. P. 26(b)(1); Fed R. Civ. P. 26(b)(2)(C).

4

**Request 6:** *All documents reflecting or relating to the delivery of supplies and services charged for the claims set forth in the Appendix.*

6. This request fails to allow reasonable time for compliance, Fed. R. Civ. P. 45 (c)(3)(A)(i); requires the disclosure of information and documents that are privileged and protected under the Health Insurance Portability and Accountability Act (HIPAA) 45 CFR 160.101, *et. seq.*, Fed R. Civ. P. 45 (c)(3)(A)(iii); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); requires disclosure of trade secret or other confidential research, development, or commercial information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(i); and requests documents protected by doctor-patient privilege, Fed. R. Evid. 501, Tex. R. Evid. 509.

**Request 7:** *All documents reflecting or relating to any attempt to collect payments from Travelers or any other entity for the Nerve Block Injections set forth in the Appendix.*

7. This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); and requires disclosure of trade secret or other confidential research, development, or commercial information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(i).

**Request 8:** *All records reflecting or relating to Your formation, dissolution, and corporate formalities, including but not limited to certificates of incorporation, partnership agreements, bylaws, resolutions, minutes of meetings, and documents relating to ownership interests and any transfers of those interests.*

8. This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); and requires disclosure of trade secret or other confidential research, development, or commercial

information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(I). The request is, in addition, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Fed R. Civ. P. 26(b)(1); Fed R. Civ. P. 26(b)(2)(C).

**Request 9:** *All documents reflecting or relating to protocols for performing, billing and/or coding of Nerve Block Injections, including but not limited to all articles, publications, speeches, presentations, newsletters, videos, or other electronic media.*

9.   This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); requires the disclosure of information and documents that are privileged and protected under the Health Insurance Portability and Accountability Act (HIPAA) 45 CFR 160.101, *et. seq.*, Fed R. Civ. P. 45 (c)(3)(A)(iii); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); requires disclosure of trade secret or other confidential research, development, or commercial information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(i); and requests documents protected by doctor-patient privilege, Fed. R. Evid. 501, Tex. R. Evid. 509.

**Request 10:** *All documents reflecting or relating to Your license to operate as health care provider from 1999 to present.*

10.   This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); and requires disclosure of trade secret or other confidential research, development, or commercial information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(I). The request is, in addition, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Fed R. Civ. P. 26(b)(1); Fed R. Civ. P. 26(b)(2)(C).

**Request 11:** *All documents reflecting or relating to any allegation that has been made against You in any administrative, disciplinary, civil or criminal proceeding, including but not limited to*

6

*matters with the Texas Works [sic] Compensation Commission ("TWCC"), Texas Department of Insurance ("TDI"), and/or Texas Board of Medical Examiners.*

11. This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); and subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv). The request is, in addition, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Fed R. Civ. P. 26(b)(1); Fed R. Civ. P. 26(b)(2)(C).

**Request 12:** *All W-2's and 1099's issued by You to Mohamed, Cerday, Alibahi, any of the Mohamed PAs, Alibhai Entities, and/or Alibhai Related Entities for the years 1999 through the present.*

12. This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); and requires disclosure of trade secret or other confidential research, development, or commercial information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(i).

**Request 13:** *All documents reflecting or relating to any agreements, arrangements, or potential arrangements pursuant to which You would lease space to any medical service provider and/or allow third parties to bill for Your facility fees, including but not limited to documents reflecting or relating to potential arrangements with the Palladium for Surgery – Houston, LLP, The Palladium for Surgery – Brownsville, LLP, The Palladium for Surgery-McAllen, LLP, Jed Shay, M.D., Richard Avila, M.D., Ishan Shanti, M.D., Dmitriy Buyanov, M.D., Donald Kramer, M.D., Texas, Surgicom, Valley Comprehensive PA, and/or Michael Giventer.*

13. This request fails to allow reasonable time for compliance, Fed. R. Civ. P 45 (c)(3)(A)(i); subjects the Hospital, its employees and agents to an undue burden, Fed R. Civ. P. 45 (c)(3)(A)(iv); and requires disclosure of trade secret or other confidential research, development, or commercial information of the Hospital, 18 USC § 1831 through 1839, Fed R. Evid. 501, Tex. R. Evid. 507, Fed R. Civ. P. 45 (c)(3)(B)(I). The request is, in addition, overbroad and not reasonably calculated to

7

lead to the discovery of admissible evidence. Fed R. Civ. P. 26(b)(1); Fed R. Civ. P. 26(b)(2)(C).

## II. MOTION FOR PROTECTIVE ORDER

14.  In light of the above, the Hospital moves this Court for a protective order pursuant to Fed. R. Civ. P. 26(c)(1), requiring that the disclosure of information sought by Plaintiff in requests 1-13 not be had.

Wherefore, premises considered, Movant HOUSTON COMMUNITY HOSPITAL prays that this Court grant the foregoing Motion to Quash and Motion for Protective Order.

>Respectfully submitted,
>
>LAW OFFICE OF KEVIN W. BOYD
>Kevin W. Boyd
>*Co-Counsel*
>
>SBN: 02774020
>507 W. 10th Street
>Austin, TX 78701-3217
>512.480.0747 (Phone)
>512.480.0767 (Fax)
>
>LAW OFFICE OF ANATOLE BARNSTONE
>Anatole R. Barnstone
>*Attorney in Charge*
>
>State Bar #: 00793308
>508 West 12th Street
>Austin, TX 78701
>Phone: 512.327.2600
>Fax: 512.482.8095
>
>By: Anatole Barnstone
>
>ATTORNEYS FOR HOUSTON COMMUNITY HOSPITAL

## RULE 26 (c) CERTIFICATE OF CONFERENCE

My name is Anatole Barnstone. I am the attorney of record for Movant herein. I certify that I have conferred or attempted to confer with counsel for Plaintiff in an effort to resolve this dispute without court action but have not, as yet, reached an acceptable resolution.

_____
Anatole Barnstone

## CERTIFICATE OF SERVICE

The undersigned certifies that the party/parties listed below was (were) served the foregoing document(s) via Facsimile and First Class Mail on August 22, 2007.

Stratos Legal
1001 West Loop South, Ste. 809
Houston, TX 77027
FAX: 713.583.9191

M. Micah Kessler
Nistico & Crouch
5151 San Felipe, Ste. 900
Houston, TX 77056
FAX: 713.781.7222

Peter Ferraro
Ferraro, PC
1609 Shoal Creek, Ste. 305
Austin, TX 78701
pete@ferraro-law.com

_____
Anatole Barnstone

9